## JONATHAN SINCLAIR *vs.* DAVID TARBOX.

Trespass and case are sometimes concurrent remedies; and though the latter would be more proper under certain circumstances, yet the former remedy, if attempted, is to be supported wherever a tort has been committed on property, in which the plaintiff has an interest and possession actual or constructive.

When a sheriff delivers property to a receipter, and the receipter delivers it to a third person, whose servant removes and leaves it at a distance, trespass lies against the servant, though ignorant, at the time of the removal, of the sheriff's interest in the property.

The rule of damage, however, is not the value of the property, unless the defendant converted it to his own use; but merely the injury caused by such removal of it.

THIS was trespass *de bonis asportatis,* for a sleigh and harness.

At the trial here in May last, on the general issue, it appeared in evidence, that the plaintiff, being a deputy sheriff, by virtue of a writ of attachment against one *Ford,* seized the property described in this declaration, and delivered it on receipt for safe custody to one *D. E.* : that a few months after, *D. E.* having occasion to be absent, requested his brother *J. E.* to keep this property for him till wanted by the plaintiff; and that thereupon, *J. E.* soon absconded to the state of New-York, and the defendant in his employ drove thither, and left the sleigh in dispute; but was altogether ignorant of the plaintiff's interest in the same.

On these facts a verdict was taken for the value of the sleigh, subject to further consideration.

*J. Bell,* counsel for the plaintiff.

*Nelson,* for the defendant.

WOODBURY, J. In this case the first objection is to the form of the action.

But the inclination of courts should be to prevent the delay, inconvenience and cost of another action, whenever the present one has merits, and can be supported on any fair construction of legal principles.(1)

On the facts of this case, trover is the more usual remedy, and would certainly have been safer.(2) But trespass also will lie if a tort has been committed, and the plaintiff having an interest in the sleigh, had also an actual, or the right to an actual possession of it. 1 *N. H. Rep.* 110, *Clark vs. Carlton.—Wells et al. vs. Odiorne, ante.*

His interest we have already settled in *Poole vs. Symonds,* (1 *N. H. Rep.* 289;) and his right to the actual possession of

(1) 5 Bos. & Pul. 448, ante. —2 Hen. and Mun. 444.
(2) 1 Chitt. Pl. 130.—Bac. Ab. "Trespass."— 5 Mass. R. 104. —4 Maul. and Selw. 259, Stephens et al. *vs.* Elwall.

Jona. Sinclair
*vs.*
David Tarbox.

property, when receipted, in the case of *Wells et al. vs. Odiorne,* before cited.

But the defendant denies that he has committed any tort ; and his argument rests upon his innocence of intention, and upon the existence of a bailment at the time he removed the sleigh.

In respect to the intention, that is not, in cases of this sort, a subject of inquiry, except to prevent vindictive damage. In crimes, the intention is the essence of the charge ; but in civil actions, the injury caused to the plaintiff is the essence of the charge ; and whether committed through ignorance or malice, it is neither more nor less an injury caused to the plaintiff by the defendant. 1 *Chitt. Pl.* 67, 377.—5 *Bos. & Pull.* 448.—4 *Maul. & Selw.* 263.—10 *John.* 172.—11 *do.* 285.—14 *do.* 119.—7 *do.* 254.—5 *Mass. Rep.* 341.

In respect to the bailment, it may be conceded, for the purpose of this argument, to be well settled, that between the parties to it, trespass will not lie for a mere non-delivery of the property bailed. But the defendant was no party to the original bailment, neither was his employer. And if he had been a party to it, the use and removal of the sleigh to New-York were acts so foreign to the nature and design of the bailment as to prevent all protection under it, and to subject the person who thus removed and left the sleigh to an action of trespass. This may not be on the ground that a bailee in such case becomes a trespasser *ab initio.*(1) But that a destruction of the article bailed, or a conversion of it to purposes altogether different from those intended, is without the scope of the contract of bailment, and may be prosecuted in the same way as if no bailment existed.

(1) 8 Coke 290.
—1 Chitt. Pl.
32.—Bac. Ab.
" Trespass,"B.

Thus it is, that such acts of a bailee, if accompanied by other circumstances, indicating a felonious intent, amount to larceny ;(2) and every larceny must involve a trespass. *Doct. & Stud.* 280.—4 *Reeve His. Eng L.* 178.—2 *do.* 7.— 4 *Bl. C.* 134.—1 *Hawk. P. C.* 134.— *McNall. on Ev.* 586.

(2) 2 East. C.
L. 696.—2.
Mass. R. 580.

We have before remarked, that the intent of the party may affect the damages ; and as this defendant appears

not to have been actuated by any bad motive, nor to have sold or converted the sleigh to his own use, he should pay only the actual injury caused by the removal of the sleigh to New-York.(1) That may be the full value of the sleigh, or it may be less.

(1) 3 Wheat. 546.

The counsel can probably agree upon the damages, and in that event there will be no new trial, but

*Judgment on the verdict.*