## JOHN SANBORN *versus* JOHN COLMAN.

B. having hired a mare of S, for four weeks, sold her within five days afterwards to C. S. demanded the mare of C. within the four weeks, and C. refused to deliver her. It was held that the sale of the mare by B. put an end to the contract between him and S., and that an action of trover might be maintained against C.

THIS was an action of trover, for a mare, and was submitted to the decision of the court, upon the following case.

The plaintiff, being the owner of the mare, on the 1st February, 1830, let her, for hire, to Dana Brown, for four weeks from that time. On the 6th February, Brown sold and delivered the mare to the defendant. On the 12th of February, 1830, the plaintiff demanded the mare of the defendant, and he refused to deliver her to the plaintiff; upon which, the plaintiff immediately brought this action.

*Upham*, for the plaintiff.

*M. Kent*, for the defendant.

*By the court.* It is very clear, that, if the plaintiff in

this case had, at the time he demanded the mare of the defendant, no right to the possession, this action cannot be maintained. And if the contract, between the plaintiff and Brown, was still, at that time, in force, the plaintiff certainly had not the right of possession.

But it is said, on behalf of the plaintiff, that the contract between the plaintiff and Brown was at an end; that Brown had the mare to use, not to sell, and that the sale was a wrongful act, which authorized the plaintiff to consider the contract at an end, and to claim the possession of the mare wherever she could be found.

We are, on the whole, of opinion that this argument is unanswerable. The sale of the mare was, under the circumstances, a conversion of the property, and most clearly put an end to the contract. 2 Dowland & Ryland, 1, *Farrant* v. *Thompson*; 3 Starkie's Evidence, 1492 —1500.

*The plaintiff is, therefore, entitled to judgment.*