## WHEAT *vs.* NORRIS.

Where a certain number of pounds of live sheep were delivered, and the same number of pounds were to be returned at the end of the year, with one quarter of that number of pounds in addition, and assumpsit on account annexed, and for money had and received, was brought for non-delivery of the same—*Held*, that such evidence would not support either count in the declaration.

ASSUMPSIT. The declaration contained two counts. The first was on an account annexed for three hundred and eighty-eight pounds of sheep. The second was for money had and received.

It appeared in evidence, that in 1831 the plaintiff delivered to one Flanders three hundred and fifteen pounds of live sheep, on a contract that Flanders should return to the plaintiff the same number of pounds, and an addition of one fourth that number of pounds yearly for the use and increase of the sheep, until the whole was paid.

In 1835 Flanders agreed with Norris, the defendant, to fulfil the contract made by him, and drew an order on the defendant in the plaintiff's favor for six hundred and thirty pounds of sheep, which was the quantity then due upon the contract, which order the defendant agreed with the plaintiff

Wheat *v.* Norris.

to pay him. It was also agreed that the defendant should keep the sheep another year on the same terms as was provided for in the original contract.

In 1839 the defendant paid to the plaintiff the value of three hundred and fifteen pounds of sheep.

The defendant contended that the plaintiff could not recover on the evidence submitted, on the ground that the evidence shew a special contract, and should be declared on specially, and would not support a count of *indebitatus assumpsit*, or for money had and received.

The court ruled that the evidence offered did not support either count in the declaration. The defendant excepted to this ruling, and the case was transferred for the decision of this court.

*Nesmith*, for the plaintiff.

*Phelps*, for the defendant.

Upham, J. The principles as to the maintenance of actions for money had and received are laid down by Mr. Justice Woodbury, in *Willie* vs. *Green*, 2 *N. H. Rep.* 135. It is there said, that to sustain assumpsit for money had and received, something must have been received by the defendant, under such circumstances as between him and the plaintiff to be deemed money. Yet the article received may not in fact be money itself. Though not coin, which is by law a tender, nor other coin not a tender, nor current bank bills; still the receiver is estopped to deny that the article received was money, if by agreement he actually received it as money.

Thus, in a loan of money, a gold tooth pick, estimated at a certain price, and forming part of the sum, is to be deemed money itself. 1 *Hen. Bl.* 288, *Barber* vs. *Parker*. So the bills of a private bank, deposited and received as money, are deemed as money itself. 13 *East* 20, *Pickard* vs. *Bankes*.

Any thing received as payment, and which amounts to

payment, is, in respect to the party receiving it, deemed money. Thus it is in respect to an attorney, who discharges the debt of his principal and receives land or other articles in his own right. 11 *Johns.* 464, *Beardsley & al.* vs. *Root;* 3 *Mass.* 403, *Floyd* vs. *Day;* 2 *Ld. Ray.* 928, *Ward* vs. *Evans.*

In this case, neither money, nor what has done the office of money, or which had been acted upon or treated as money, is sued for.

Neither does this suit come within a class of cases where an individual has been guilty of a tortious conversion of property, and sold it, and received money for it. In such cases the owner may waive the tort, and elect to treat the wrong doer as his agent in effecting the sale, and as holding money in his hands for the owner's benefit. In *Mann* vs. *Locke,* 11 *N. H. Rep.* 248, it is said that the whole extent of the doctrine of waiving a tort and bringing assumpsit, is where the individual, liable in trespass or trover, has sold the goods unlawfully taken or detained, and received the money for them, when the owner may elect to affirm such sale and maintain an action for money had and received for the proceeds.

If a count for money had and received can be sustained in this case, it can be equally well sustained in all instances where contracts are made for the sale of any specific articles, payable in kind, or other articles ; and in all cases of bailment, where property is delivered for hire, or labor to be expended thereon, and the property is destroyed through neglect, malice or accident. Such a doctrine would abolish all distinction in the mode of declaring betwixt suits for a money consideration, or on special contracts for the sale of property by trade or barter, and torts, or wrongs done to property. Courts have already been sufficiently liberal upon this subject. The principles heretofore laid down by them can be extended no farther.

The same objection in principle will apply to the main-

tenance of this suit on account annexed. The contract is special in its character, and is not a matter of book charge. If it could be so regarded, any contract, however complicated, might equally well be made on book account, and be thus entitled to be authenticated by the supplementary oath of the party.

*Nonsuit entered.*