# ROCKINGHAM,

## JULY TERM, A. D. 1843.

## HYDE *vs.* NOBLE & a.

Where one is part owner of personal property, and has the possession and control of it, with power to sell, he may maintain trover, in his own name, against a wrong doer who converts it.

A purchase of property from one who has no power to sell, where the purchaser takes a delivery of it, and retains the possession, claiming it under the sale, is a conversion of it. It is only where a party obtains the possession lawfully, that it is necessary to show a demand and refusal.

A judgment, in an action of assumpsit, against a bailee, for a breach of his contract to transport and deliver the property bailed, in which the owner has recovered damages for the value of the property, without satisfaction, is no bar to an action of trover against a third person, who has purchased the property of the bailee.

TROVER, for certain boards, plank, and shingles, alleged to have been converted by the defendants, January 2d, 1840.

It appeared in evidence, that in November, 1839, the plaintiff and certain other persons were the owners of a quantity of lumber, at Hallowell and Gardiner, in Maine. The lumber was manufactured at mills there, which were hired by the plaintiff, for the benefit of all the owners of the lumber, and the plaintiff had the possession of the mills and lumber, for himself, and as agent for the other owners, and had the complete control of it.

In that month the plaintiff contracted with William S. Kenniston, master of the schooner Prospect, to take a cargo of the lumber from Hallowell and Gardiner to Weymouth, in Massachusetts, and caused the same to be put on board the vessel.

The vessel lay some days at the mouth of the Kennebeck river; and having encountered a severe storm on her passage, which caused her to leak badly, put into the harbor of Portsmouth, during the storm, on the 15th of December.

It was necessary to take out some of the lumber, in order to lighten the vessel, but no repairs were made except on one of the sails, and these were made from materials on board.

While the vessel lay at Portsmouth, the defendants, who are partners, purchased some of the lumber of Kenniston; and it appeared that he also sold some there to other persons; and that he had sold some before he left the Kennebeck river, and some at Portland, and had also used some of it on the passage.

On the 28th of December, 1839, the plaintiff commenced an action against Kenniston, alleging that he on the 28th of November received from the plaintiff, on board the Prospect, certain lumber which was specified, all of the value of $501.40, to be transported in good order, &c. to Weymouth; and that Kenniston agreed to transport and deliver the same to the plaintiff, or his assigns, &c., but had not delivered the same, &c. A second count alleged an agreement to transport and deliver in a reasonable time, and set forth a breach.

Judgment was rendered for the plaintiff in that action against Kenniston, February term, 1840, for $501.40 damages, and for costs, and execution was issued March 2, 1840.

The lumber in question in the present case was part of that specified in the suit against Kenniston.

After the above mentioned suit had been commenced, the plaintiff demanded the lumber now in controversy, of Moses Noble, one of the defendants, who admitted that the defendants were partners, but refused to deliver it, and the plaintiff commenced this action on the 8th of January, 1840, returnable at February term.

The court, upon other evidence in the case, submitted it to the jury to find whether Kenniston had an authority from the plaintiff to sell the lumber; and instructed them that he

had no authority in law, as master of the vessel, to sell any part of the cargo, unless there was a necessity so to do, for the purpose of making repairs, which appeared not to be the case here.

The court further instructed the jury, that the defendants having purchased the lumber, a demand by the plaintiff upon one of them, they being partners, was sufficient; that the plaintiff, if he had not authorized a sale, was entitled, by reason of his ownership and possession as agent, to recover the entire value of the lumber sold to the defendants; and that the measure of damages was its value at Portsmouth, and not at Hallowell and Gardiner.

And the court declined to instruct the jury, that the suit brought by the plaintiff against Kenniston, and the judgment and execution obtained thereon, constituted a bar to the maintenance of this action.

To these instructions, and to the omission to instruct the jury, the defendants excepted, and moved for a new trial.

*Christie*, for the defendants. The judgment against Kenniston is a bar to this suit. That this was for the value of the property now sued for, we suppose is admitted. In a personal action, where there is a judgment against one not a co-trespasser, or not liable if sued originally, it is a bar against any collateral action.

The authorities on this we admit are contradictory, but they generally sustain the defence. *Cro. Jac.* 73, *Brown* vs. *Wootton* ; *Smith* vs. *Gibson, Cases temp. Hardwicke* 303 ; 1 *Shower* 146, *Lechmore* vs. *Toplady ; 2 Ld. Raym.* 1216, *Lamine* vs. *Dorrell ; Strange* 1078, *Adams* vs. *Broughton ;* 1 *Ld. Raym.* 614, *Moor* vs. *Watts ;* 3 *Lev.* 124, *Field* vs. *Jellicus ; Yelv.* 63, *Champernon* vs. *Hill ;* 6 *Coke* 45, *Higgens' Case ;* 1 *Chitty* 100, 101 ; 3 *Burr.* 1345, *Bird* vs. *Randall ; 2 Kent's Com.* 386 ; 3 *Greenl.* 250, *Carlisle* vs. *Burley ;* 5 *Greenl.* 147, *White* vs. *Philbrick ;* 18 *Maine R.* 277, *Harrington* vs. *Fuller ;* 7 *Greenl.* 386, *Loomis* vs.

*Green; Hilliard on Contracts* 11; 1 *Conn. Rep.* 7, *Canaan* vs. *Turnpike Co.*; 1 *Pick.* 62, *Campbell* vs. *Phelps*; 2 *Phil. Ev.* 121; 4 *Johns.* 474, *Rawson* vs. *Turner.*

You may proceed against several trespassers, and get judgment; but after having elected to take execution against one, you are bound.

There is not sufficient evidence of a joint conversion.

In tort, there must be a direct proof of wrong done by each of the tort-feasors. It cannot be by inference.

A refusal to deliver, by the general agent and servant of a defendant, will not make the defendant guilty of a tort, unless in the particular case he acts under the special authority of the defendant. 1 *Holt's N. P. C.* 283, *Pothonier* vs. *Dawson;* 7 *Johns. R.* 302, *Shotwell* vs. *Few.*

Here the defendants are general agents for each other in their business.

It should appear that the other had refused, or directed Moses to refuse.

Two are not liable jointly for a tort, unless they jointly commit a tort. 2 *N. H. Rep.* 546, *White* vs. *Demary;* 2 *Phil. Ev.* 125.

The plaintiff cannot maintain the action. If he could for his own share, then no judgment can be rendered, as it does not appear what his interest was.

The plaintiff was only a general agent, and was responsible for his conduct only.

A mere servant cannot maintain trover. 1 *Camp.* 369, *Waring* vs. *Cox;* 1 *N. H. Rep.* 292, *Poole* vs. *Symonds.*

*Emery, & Bartlett*, for the plaintiff. The plaintiff had complete control over the property, and could do what he pleased with it. This is a sufficient ownership for the purposes of this suit. 1 *Strange* 504; 2 *Cromp., Meeson, & Roscoe* 262, see *Smith's Leading Cases* 151; 9 *Cowen* 670, *McLaughlin* vs. *Waite;* 2 *N. H. Rep.* 320, *Jones* vs. *Sin-*

clair ; 3 N. H. Rep. 484, Pinkham vs. Gear ; 11 Wend. R. 54, Duncan vs. Spear.

No demand was necessary. If we have proved more than was necessary, that is not to prejudice us. The defendants were equally connected in a wrong, in buying the lumber of Kenniston,—it being admitted that he did a wrong.

Depriving the plaintiff of his goods, either wholly or for a time, is a conversion.   6 East 538, McCombie vs. Davies ; 7 Johns. 234, Bristol vs. Burt.

Demand and refusal are not necessary, except where the defendant came into possession of the property lawfully.— 10 Wend. 389, Bates vs. Conkling ; 4 Greenl. 316, Seaver vs. Dingley ; 8 Pick. 543, Woodbury vs. Long ; 22 Pick. 18, Thurston vs. Blanchard ; 1 Metcalf 557, Stevens vs. Austin ; 2 Fairf. 28, Galvin vs. Bacon.   The case finds that the defendants were partners, and that Kenniston had no authority.

The only real question is, was the judgment recovered against Kenniston a bar ?   There are cases which maintain the doctrine of the other side.   But the case does not show that the judgment against Kenniston covers this matter.   If, however, it does, it is no bar until satisfaction.

Nothing short of satisfaction will bar a suit in case of co-trespassers.   The judgment is only a bar when paid.   Until then it stands as security.   Yelv. 67, n ; 3 East 252, Drake vs. Mitchell ; 8 Cowen 43, Osterhout vs. Roberts ; 1 Stark. Ev. 262, n. 1 ; 4 N.H. Rep. 338, Barron vs. Davis ; 4 Bing. 589, Knight vs. Legh ; 3 B. & C. 196, Morris vs. Robinson.

Kenniston and the defendants, being all tort-feasors, might all have been sued,—the purchase and sale being a conversion by both Kenniston and the defendants.

If Kenniston and the defendants are not to be regarded as joint tort-feasors, the case Hopkins vs. Hersey, 20 Maine Rep. 449, is an authority to sustain the action.   It is there held that " a judgment in trover, without satisfaction, against one trespasser, is no bar to an action against another person,

for a distinct trespass upon the same property, committed at a different period, and not jointly, although a writ of execution may have issued upon the judgment.

PARKER, C. J.   The plaintiff had a sufficient property in the lumber to enable him to maintain trover, if the defendants are liable.   He was part owner of the lumber, and although others were interested in it, yet it appears that he hired the mills at which it was manufactured, had possession of them and of the lumber, and had the complete control of it.   It is evident that he might have sold it, being accountable to those interested, for the proceeds, and it seems that he had shipped it for that purpose.   He had, then, a general property in part, and a special property in the residue, and the latter alone is sufficient for the purpose of this action. 2 *N. H. Rep.* 320, *Jones* vs. *Sinclair ; 4 Bing.* 489, *Knight* vs. *Legh.*   The sale by Kenniston terminated the bailment, and the plaintiff had the right of possession.   6 *N. H. Rep.* 14, *Sanborn* vs. *Colman ;* 8 *N. H. Rep.* 325, *Sargent* vs. *Gile.*

The purchase by the defendants, taking possession as they appear to have done, and holding it as their own property, was a conversion.   They received the possession from one who had no authority to deliver it to them, under a sale which purported to vest the property in them ; and they, by the purchase, undertook to control it as their own property. This was an assumption of power over it, inconsistent with the rights of the plaintiff.   Purchasing the property from one who had no right to sell, and holding it to their own use, is a direct act of conversion, without any demand and refusal.   Their possession was unlawful in its inception, by reason of the want of authority in Kenniston to make the transfer.   It is only where a party obtains the possession lawfully, that it is necessary to show a demand and refusal.   6 *N. H. Rep.* 14; 2 *Fairf. R.* 28, *Galvin* vs. *Bacon ;* 2 *Camp.* 335, *Wilkinson* vs. *King ;* 7 *Johns. R.*

254, *Bristol* vs. *Burt ;* 10 *Wend. R.* 389, *Bates* vs. *Conkling.*

The remaining question is, whether the suit and judgment against Kenniston, without satisfaction, constitute a bar to this action.

The action against him was for a breach of his contract to transport certain lumber and deliver it at Weymouth, alleging that he had not delivered it. It is not found, in terms, that the plaintiff recovered judgment for the value of the lumber in that action, but it may perhaps be inferred, *prima facie,* from the fact that the plaintiff in that writ alleged the value of the lumber to be $501.40, and obtained a judgment for that sum as damages.

The present action is for a wrong done by the defendants to the plaintiff, by a conversion of a part of the same lumber.

The two suits are, therefore, not for the same cause of action. Nor are they in any way inconsistent with each other. If the plaintiff had first brought this action against the defendants, and obtained judgment and satisfaction, he would still have had a right to maintain the action against Kenniston. 4 *N. H. Rep.* 338, *Barron* vs. *Davis.* If he had first obtained by this, and other actions against other purchasers, the whole value of the lumber sold by Kenniston, he might still have been entitled to damages against the latter for the non-performance of his contract. Had Kenniston performed his duty, and delivered the lumber at Weymouth, the plaintiff might perhaps have derived a still greater sum from the sale of it. At any rate he was entitled to the performance of the contract, and Kenniston liable for the breach. But having first claimed the value of the lumber of Kenniston, and included it in his judgment against him, the question is whether that bars him from resorting to others against whom, but for that judgment, he had good cause of action. And notwithstanding the cases cited by the counsel for the defendants from some of the earlier books, and even some mod-

ern cases, go very far towards sustaining his position, we are of opinion that the judgment against Kenniston, without satisfaction, if the value of the property was included in it, furnishes no bar to a resort to others, who were also liable to the plaintiff upon a different ground of action for the same property.

This is not an action for the recovery of damages for the same matter for which the plaintiff has already a judgment against the same defendant. Nor is it a case of an election *de melioribus damnis*, for the damages recovered are not for the same wrong. The cause of action is, as we have seen, different. If, however, it were so, it is by no means clear that a judgment and execution against one, without satisfaction should constitute a bar. 1 *Johns. R.* 292, *Bishop* vs. *Livingston, and auth. cited.* The injured party has a right to pursue all who have done the wrong, until he obtains a satisfaction for it, unless he does something that is equivalent to a release of one. But an attempt to obtain satisfaction of one wrong doer, without success, neither indicates an intention to release another wrong doer, nor furnishes a reason why he should be exempted from his responsibility.

Nor can the judgment against Kenniston be regarded as an affirmance of his acts, as it might have been had the action been assumpsit to recover the money he received upon the sale. So far from a ratification of his acts, the action against him treats them all as tortious.

Satisfaction of the judgment against him would show that the plaintiff had no further claim for damages ; but, without payment, it is merely the case of an unsuccessful attempt to obtain satisfaction of one person, for a breach of the duty devolved upon him by his contract ; and, failing in that, a call upon another to respond in damages for a tortious interference with a part of the property which formed the subject matter of the contract.

In a contract for the sale of goods, it is the payment of the price which completes the purchase, unless by special

agreement a credit be given, in which case the promise of the vendee is substituted for the payment of the money.  *Long on Sales, Rand's Ed.* [114] 188.   And so in the case of a tortious taking, where there is no promise; it is the payment of the value, and not the recovery of the judgment for that value, which stands in the place of a purchase, and operates to transfer the property.   Had the action against Kenniston, therefore, been trover, it would not have varied the case.

We think this action is clearly sustained upon principle, and there is quite enough of authority to warrant us in disregarding the cases opposed to it.   2 *Kent's Com.* 388, *and auth. cited;* 8 *Cowen's R.* 43, *Osterhout* vs. *Roberts ;* 1 *Pick. R.* 70, *Campbell* vs. *Phelps, Opinion of Wilde, J.;* 3 *East* 258, *Drake* vs. *Mitchell, Opinion of Lord Ellenborough, C. J.*                                     *Judgment on the verdict.*