THE SANFORD MANUFACTURING CO. *vs.* WIGGIN.

14 441
66 265
14 441
71 290

If a vendee of goods bring replevin against a sheriff who has attached them as the property of the vendor, upon the ground that the sale was fraudulent, the sheriff cannot justify without proof that the debt to secure which the goods were seized, was actually due.

It is not sufficient to prove that an action had been commenced, and was pending in court, and that the signature of the note declared on had not been denied.

It is a good cause for granting a new trial that the party has been surprised by evidence.

Sanford Manf. Co. v. Wiggin.

Upon the trial of an issue in replevin, the plaintiff admitted that the defendant was a deputy sheriff, and had in his hands certain writs described in his brief statement. The court ruled that this was not evidence that the debts on which the suits were brought, were due.—*Held*, that this ruling was not such a surprise on the defendant as would authorize the court to grant a new trial.

This court will not revise the decision of a matter which rests in the legal- discretion of the court below.

After the evidence in a cause has been closed, and the case argued, and the judge had charged the jury, the defendant moved the court for leave to introduce farther evidence, which permission was refused.—*Held*, that opening the case for the admission of farther evidence rested entirely in the discretion of the court, and that the refusal to admit it was not a cause for granting a new trial.

REPLEVIN, for 13 bales of cotton. The defendant pleaded the general issue, with a brief statement, alleging that the cotton was the property of one Isaac Hayden ; that the defendant was a deputy sheriff, and had in his hands three writs of attachment against Hayden, one of which was in favor of the Despatch Line of Packets, and attached the cotton as the property of Hayden, and took it away by virtue of said writs, as he might lawfully do, &c.

The plaintiffs admitted that the cotton was once the property of Hayden, that the defendant was a deputy sheriff, and had in his hands the writs described as his brief statement, but offered evidence tending to prove that some months previous to the attachment they bought the cotton of Hayden, and paid him therefor.

To rebut this the defendant offered evidence tending to show that the alleged sale of the cotton to the plaintiffs was fraudulent and void as against the creditors of Hayden, but offered no evidence other than the above admissions of the plaintiffs " that the defendant was a deputy sheriff and had in his hand the writs," &c., tending to prove that any thing was justly due from Hayden to any of the plaintiffs in said writs.

The court instructed the jury that if they were satisfied that the sale of the cotton by Hayden to the plaintiffs was such a sale as was binding between the parties, though designed to defraud the creditors of Hayden, yet none but the

creditors could contest it here, and in order to justify himself, the defendant must satisfy the jury that something was due from Hayden to some of the plaintiffs in the writs in his possession, and that the mere fact that the writs were in his hands, was not competent evidence of such indebtment.

The defendant's counsel then moved the court to instruct the jury " that if the officer had in his hands a writ against Hayden in favor of the Despatch Line of Packets, in which a note was declared upon and set out particularly as it was in the writ, and the writ had been entered and continued and was now pending in this court, and there had been no denial of the signature of said note, it was such *prima facie* evidence of a debt as would authorize the defendant to appear and contest the sale in behalf of the plaintiffs in that writ."

The court declined so to instruct the jury, on the ground that there had been no evidence offered tending to show that any of said writs had been entered in court, or that any note was declared on in any of said writs, or whether the actions had or had not been abandoned, and that therefore however sound in the abstract the principles might be in the case supposed, they were not applicable to the one before the jury.

The defendant's counsel then moved the court for leave to lay such evidence before the jury, for the reason that he had misapprehended the extent of the admissions of the plaintiffs' counsel, and was " surprised by the construction now put upon them, he not supposing from his understanding of those admissions that there was any controversy about the debts alleged to be due from Hayden to the several plaintiffs, in said writs."

To this the plaintiffs' counsel objected, on the ground that his admissions were distinct and explicit, and not calculated or designed to mislead any one, and that he had argued this point to the jury without any objection, and that now after the case had been given to the jury, it was too late to offer farther evidence.

And the court overruled the motion.

The jury returned a verdict for the plaintiffs, and the defendant excepted to the foregoing rulings and instructions of the court, and moved to set aside the verdict and for a new trial.

*Wiggin*, for the defendant. The defendant in replevin is not bound to prove the debt on which the writ was sued out. *Widgery* vs. *Haskell*, 5 *Mass.* 144; 1 *Pick.* 357. He may prove property in himself by showing a special property by virtue of the attachment. 21 *Wend.* 205, *Prosser* vs. *Woodward.* It is immaterial whether the defendant has a title or not. It is enough if he shows that the plaintiff has none. Then the defendant has made out his case because he is bound to deliver the property to the true owner. The officer has the same right that the creditor has, and the question is, whether the creditor may not contest the sale, without proof of his debt. To maintain replevin the plaintiff must have the right of property, including the right of possession at the time of taking, or at the time of suing out his writ. *Wheeler* vs. *Train*, 3 *Pick.* 255.

It is admitted that the defendant was a deputy sheriff, and had a writ in his possession, which is enough for our purpose.

There is a strong equity in favor of granting the defendant a new trial, on account of the surprise upon his counsel.

*N. A. Wells*, for the plaintiff. No person can contest a sale as a creditor, unless he prove himself to be such. The only admission is, that a suit was pending, which certainly is not an admission of a debt. 1 *Stark. Ev.* 282; *Buller's N. P.* 234; 5 *Burrow* 2631; 1 *Ld. Raym.* 733; 1 *Dougl.* 40; 2 *Johns.* 46; 6 *Johns.* 9.

As to the alleged surprise the parties must come prepared for trial, and not ask for the indulgence of the court to supply matters omitted through their own negligence. 1 *T. R.* 84, 86, *Gist* vs. *Mason*; 2 *Tidd's Practice* 817; 5 *Pick.* 240, *Maynard* vs. *Hunt*; *Vernon* vs. *Hankey*, 2 *T. R.* 113;

*Clark* vs. *Brigham*, 22 *Pick.* 81 ; 1 *Johns.* 555, *Beebe* vs. *Bank of New-York.*

In an action of trespass against an officer, he must prove that a debt is due. 2 *Pick.* 411, *Damon* vs. *Bryant.* He must show that he represents a creditor. 1 *Greenl.* 198, *Daggett* vs. *Adams.*

*Christie*, on the same side. It is clear that the defendant must show some reason for interfering with this property. If the plaintiffs in those suits were not creditors, why should they complain ? A sheriff is an agent for many purposes, and the agent can have no more authority than his principal. The sheriff cannot meddle with property, unless he can make it appear that his employers could authorize him to do so. Suppose a suit was pending, the question in which was whether Hayden was indebted to the Despatch Line ? What should the sheriff do with the property ? This might lead to a singular result. If the attaching creditor cannot get a judgment, what is to be done with it ?

In relation to the surprise upon the defendant's counsel, it was a matter resting in the discretion of the court whether to admit or exclude the evidence, and no exception can be taken to a ruling which is a mere matter of discretion. Unless the defendant had a legal right to put in the evidence after the case was closed, there is no question before the court. 18 *Maine R.* 418, *Irving* vs. *Thomas.*

GILCHRIST, J. To support the action of replevin, the plaintiff must have had at the time of the caption, either the general property in the goods taken, or a special property therein. In this respect it is like the action of trover. If the plaintiff has not the immediate right of possession, replevin cannot be supported, but the party must proceed by an action on the case. 1 *Ch. Pl.* 187, 188.

The defendant pleaded the general issue, *non cepit modo et forma.* This plea puts in issue not only the taking, but

also the taking in the place mentioned in the declaration. 1 *Ch. Pl.* 537. And the plaintiff will fail, unless he prove the taking in the place mentioned. *Johnson* vs. *Wollyer*, 1 *Strange* 507. But under this issue which denies the taking merely, the defendant cannot deny the plaintiffs' property, which is in substance admitted by the plea of *non cepit*. *Wilkinson on Replevin* 81; *Gilbert on Replevin* 166; 3 *Stark. Ev.* 1295.

But whatever facts are put in issue by the plea of *non cepit* are not contested in this case. The defendant does not deny the taking in the place mentioned, but says in his brief statement that the property belonged to one Hayden, and that he took it as Hayden's property by virtue of sundry writs against him.

To prove his official character, and that he had in his possession the writs against Hayden, described in his brief statement, he relied on the admissions of the plaintiff to that effect, and to this extent there is no controversy between the parties.

Admitting that the property still belonged to Hayden, notwithstanding the alleged sale to the plaintiffs, on account of its fraudulent character, the question arises whether the defendant has shown any authority to interfere with it.

He comes here representing creditors, and they may avoid the sale on account of its fraudulent character as to them. But the sale is valid between the parties, and none but creditors can avoid it. But every person who chooses to bring a suit is not therefore a creditor, for something more than his allegation is necessary in order to prove his debt. Creditors or persons calling themselves such, must prove their debts, and until this is done they have no right to interfere.

If, then, creditors can interfere only on proof of an indebtment by the alleged owner of the property, the sheriff, who is an agent merely, can have no rights greater than those of the principal whom he represents. If a sheriff take my goods by virtue of a writ, his process will be a sufficient

justification in an action of trespass which I might bring against him.    It would be a sufficient warrant for his interference.    But if he take goods in my possession on the ground that my title is a voidable one, he must show that he has a right to avoid it.    And as in the present case his right to interfere depends on the existence of a debt in favor of the attaching creditor, he was bound at least to make out a *prima facie* case of indebtment.

But the defendant excepts to the ruling of the court which excluded, as he says, his evidence on which he relied to make out a *prima facie* case of indebtment.    This evidence was that he had in his hands a writ against Hayden in which there was a count upon a promissory note, that the action had been entered and was then pending in the common pleas, and that there had been no denial of the signature of the note.    But this evidence, if admitted, would not have strengthened his case.    All these proceedings merely show that the plaintiff in that action alleged that Hayden owed him, and had commenced a process for the recovery of the debt.    The omission to deny the signature to the note proves at most that Hayden's defence was not that the signature was forged, but it by no means shows that he had admitted the debt, nor does it prove the debt in any other manner.    The proceedings tend to show that the plaintiff supposed that Hayden was indebted to him, but they prove nothing more.    These remarks are made upon the supposition that the rulings of the court were incorrect, in relation to which other questions arise which we shall shortly consider.

We have been referred to the case of *Widgery* vs. *Haskell, 5 Mass.* 144, as decisive of the point that in a case like the present, the sheriff is not bound to prove the existence of a debt.    That case was replevin for the ship *Mac.*    The defendant pleaded that the ship was the property of *John Taber & Son,* and traversed the property of the plaintiffs, on which traverse issue was joined.    It appeared that the defendant was a deputy sheriff, and attached the ship by virtue

of a writ in favor of *Jacob Barker* against *John Taber & Son,* and *Parker,* J. ruled on the trial that the defendant was not bound to prove the debt on which the writ was instituted. It was held by the supreme court that this point was not before them, because it had been agreed by the parties that a verdict should be entered for either of the parties according to the opinion of the court, whether the plaintiffs had from the facts stated proved their property in the ship, or not. The case, therefore, is not an authority beyond the respect to which the *nisi prius* ruling of Mr. Justice *Parker* is entitled, to prove the position for which it was cited. The only issue was on the ownership of the property. If the parties chose to put their case upon that issue, they could try only the questions which that issue raised; and it raised no question as to the existence of any debt from Barker.

The case of *Damon* vs. *Bryant,* 2 *Pick.* 411, accords with and supports the views we have intimated in this case. There, a sheriff sued in trespass by a vendee of goods, contested the plaintiff's title on the ground of fraud. It was objected that the defendant gave no evidence of a debt from the supposed fraudulent vendor of the goods, and the court were of opinion that this objection was a valid one. It was said that the distinction was, that where the execution or writ upon which goods are taken is against the plaintiff himself, the officer is justified by the precept itself, for that commands him to take the goods of the plaintiff, and is a sufficient authority. But where the goods taken are claimed by a person who was not a party to the suit, and he brings trespass, and his title is contested on the ground of fraud under the *Stat.* 13 *Eliz. c.* 5, a judgment must be shown, if the officer justifies under an execution, or a debt if under a writ of attachment, because it is only by showing that he acted for a *creditor,* that he can question the title of the vendee. *Lake* vs. *Billers,* 1 *Ld. Raym.* 733; *Ackworth* vs. *Kempe, Dougl.* 41; *Savage* vs. *Smith,* 2 *W. Bl.* 1104. The reason for requiring proof of the debt is as strong in replevin as in tres-

pass, and we are of opinion that the defendant was bound to prove that there was a debt actually due from Hayden to the Despatch Line.

But the defendant alleges that he was surprised by the construction put upon the plaintiffs' admissions. These admissions were that the defendant was a deputy sheriff, and had in his hands the writs described in his brief statement. The defendant says that he did not suppose from his understanding of those admissions, that there was any controversy about the debts alleged to be due from Hayden to the several plaintiffs, in the writs. It is difficult to make an absolute rule upon this subject, applicable to all cases. The granting or refusing a new trial must depend in a great measure upon the legal discretion of the court, guided by the nature and circumstances of the case, and directed with a view to the attainment of justice. *Bright* vs. *Eynon*, 1 *Burr.* 390. The court in its discretion may grant a new trial, on the ground of surprise and perturbation on the part of counsel, arising from sudden and dangerous sickness occurring in his family, and coming to his knowledge during the trial, where such perturbation deterred the counsel from making an important claim on behalf of his client, which he had a right to make. *Cutler* vs. *Rice*, 14 *Pick.* 494. The defendant rested his case upon the evidence. He cannot properly say that he was surprised that the legal effect of that evidence was not so extensive as he hoped, and make that a ground for a new trial. That a party is surprised is sometimes a reason for granting him a new trial. *Vernon* vs. *Hankey*, 2 *T. R.* 113; *Hartwright* vs. *Badham*, 11 *Price* 383. In *Gist* vs. *Mason*, 1 *T. R.* 84, the defendant moved for a new trial, on the ground that he had not offered evidence that a certain kind of trading was illegal, because he presumed that the jury, of their own knowledge, must have concluded that the illegality of the contracts was known to the parties at the time of making them. *Ashhurst*, J. said that the defendant made the application in order to supply his own negligence,

when it was evident he was not taken by surprise at the trial. It is possible that the counsel might have been surprised, although we do not well see how even that could have been so, that the court did not agree with him in his views of the law, although that so often happens in the trial of cases that he can hardly ask any indulgence on such ground. The reason would apply to any case where the evidence has not the effect anticipated; and the meaning and extent of the admission are to us so clear, that we do not think it would be a proper exercise of our legal discretion to grant a new trial for this reason.

The defendant also moves for a new trial upon another ground. It appears that after the evidence was closed, the case argued, and the judge had charged the jury, the defendant moved for leave to lay evidence before the jury, that Hayden was indebted to the Despatch Line of Packets. We will not say that cases might not exist where such an application would be reasonable, and should be granted in the exercise of a sound legal discretion. The case in which it would be allowed, must be one of extreme hardship to the applicant. The court on such a motion will not hear an affidavit of any facts which might have been brought forward at *nisi prius*. *Hope* vs. *Atkins*, 1 *Price* 143. The party cannot be allowed to take the chance of a trial in such cases, and if he should fail, to reserve to himself the alternative of applying to the court for a new trial. *Harrison* vs. *Harrison*, 9 *Price* 89. In addition to this objection, we are asked to rescind the ruling which it was competent for the court below to make in the exercise of its legal discretion. Even where the defendant's witnesses came into court after the evidence was closed, but while the plaintiffs' counsel was addressing the jury, and the court refused to permit them to testify, it was intimated that such refusal was not a ground for a new trial. *Leggett* vs. *Boyd*, 3 *Wend.* 376. In that case it is said that it is scarcely possible to conceive a case where the court will interfere with the decision of a circuit

judge, who has exercised his legal discretion in refusing to delay the trial of a cause until the party can procure the attendance of a witness who is unexpectedly absent when he is called. Certain matters of practice must, from the necessity of the case, be left to the discretion of the court; and when that discretion has been exercised, a revision of it would be attended with excessive delay and expense. The parties must be prepared for trial, they must have reflected on the legal effect of their evidence, and must not depend upon the indulgence of the court to relieve them from the consequences of their own negligence. If cases were more thoroughly prepared, evidence put in more rapidly, and less time consumed in vague and discursive examinations of witnesses, the substantial merits of controversies would be more readily perceived by juries, and the public confidence in the administration of justice would be promoted.

In the present case, the exclusion of the evidence rested entirely in the discretion of the court, and its decision upon the point we cannot revise.

*Judgment on the verdict.*