## FLANDERS *v.* COLBY.

If the defendant aid the mortgager of personal property, in carrying it away and concealing it, he will be liable therefor to the mortgagee, in an action of trover, even though he might not have known of the existence of the mortgage.

If a letter be read in evidence and commented on, but be accidentally omitted to be given to the jury, they may be called in, and the letter may be given them.

The court may make such remarks to the jury, upon the evidence, as they deem proper and judicious.

If the defendant aid the mortgager of personal property, in carrying it away and concealing it, whether in order to make him liable in an action to the mortgagee, it must appear that he knew of the mortgage, and intended to defraud the mortgagee, *quære?*

CASE. In the declaration was a count in trover, and a count in which the plaintiff alleged that one Chase was indebted to him upon a promissory note, and he was also surety for Chase upon another note to a third person; that Chase made to him a mortgage of boots, shoes, &c., to secure the payment of the note to him, and to secure the plaintiff against loss from his liability as surety, which mortgage was duly executed and recorded; that Chase was insolvent, and had no property but the mortgaged property; that Colby, knowing all these facts, fraudulently and collusively, and to deprive the plaintiff of the benefit of his mortgage and lien upon these goods, took, carried away and converted those goods to his own use, whereby the plaintiff lost his debt, and was compelled to pay the debt for which he was surety, and had lost the security of his mortgage.

There was evidence tending to show that the defendant aided Chase, who was in the possession of the same, to carry away and conceal the mortgaged property, with the knowledge of the plaintiff's mortgage, and other evidence tending to show that what he did was without knowledge of the mortgage or of the plaintiff's claim, but with the knowledge that Chase was secreting the property, with the

intent to place it beyond the reach of creditors. The court instructed the jury that, in order to find a verdict for the plaintiff against the defendant, they must be satisfied that what the defendant did was done with a knowledge of the plaintiff's mortgage, and with a view to defraud him.

The court also suggested to the jury that they could judge better of the credit to be given to a witness, by his appearance on the stand, than by any other circumstances.

After the jury had been out five hours and more, without being able to agree upon a verdict, the defendant's counsel moved the court for leave to send to the jury a certain letter, which was read in evidence and commented upon, and which had been, as they said, accidentally omitted to be delivered to them with the other papers. The court called in the jury and permitted the paper to be handed to them, against the consent of the plaintiff, and suggested the importance of the jury's agreeing upon a verdict. The jury again retired, and soon afterwards returned a verdict for the defendant.

The plaintiff excepted to the foregoing instructions, and to the granting of the said motion.

*Quincy*, for the plaintiff.

I. It is a sound principle, that when the fraudulent misconduct of the party occasions an injury to the private rights of another, he shall be responsible in damages, &c., and this although he did not intend to do the particular injury which ensued. *Yates* v. *Joice*, 11 Johns. 140; *Foster* v. *Dow*, 29 Maine Rep. 442; *Melvin* v. *Holbrook*, 20 Vt. Rep. 523; *Sheldon v. Fairfax*, 21 Vt. Rep. 102; *Adams & a.* v. *Page & a.* 7 Pick. 550; *Gardner* v. *Hart*, 3 Denio 332; *Lane* v. *Hitchcock*, 14 Johns. 213; *Bank of Rome* v. *Mott*, 17 Wend. 554; *Lamb* v. *Stone*, 11 Pick. 534.

II. The case finds that the defendant aided Chase in carrying away and secreting his property, with a view to defraud his creditors. This was an unlawful act, and the

defendant is responsible to the plaintiff, who was a creditor of Chase, whether the defendant knew he was a creditor or not.

III. Case will lie where there is an unlawful act and a direct injury.

IV. The allegation in the plaintiff's writ, that the defendant knew of the plaintiff's mortgage, is well proved by the evidence that the defendant aided Chase to conceal his property, with a design to defraud his creditors. If the plaintiff was a creditor of Chase, the defendant intended to defraud him.

V. The averment of the defendant's knowledge of the plaintiff's mortgage may be struck from the declaration, and still the action remain, for the other facts stated and proved sustain it. *Adams* v. *Page*, 7 Pick. 550.

VI. The circumstances under which the paper was permitted to go to the jury, had a tendency to give to its contents undue weight. It gave to it a character of importance, which, if it had gone to the jury in its usual mode, it would not have had. Such practice, if permitted, would be mischievous in its results, and open the door for fraud in the trial of cases.

By the Revised Statutes, ch. 215, §§ 19, 20 and 21, relating to fraudulent mortgages, what the defendant did was against the statute. No matter, then, whether he knew of the plaintiff's mortgage or not. The question is, then, immaterial whether the proof sustains the declaration. *Panton* v. *Holland*, 17 Johns. 92.

*Bellows*, for the defendant.

I. The property was lawfully in the possession of Chase, and it would not be a conversion in him to place it where his creditors could not find it to attach it.

Much less would it be a conversion in a third person, having no knowledge of the mortgage to aid him.

The second count goes expressly on the ground that the

defendant aided Chase to secrete the goods, for the purpose of defrauding the plaintiff, and that is in no way sustained by showing that it was to avoid attachment.

II. As to the opinion of the judge, touching the mode of weighing the credit of a witness, it cannot affect the verdict. It was not stated as a matter of law, but a mere suggestion as to the mode of coming at a fact.

Besides, it had no reference to the plaintiff's chief witness, who was attempted to be impeached, by showing contradictory statements, and the suggestion was clearly favorable to the plaintiff.

III. The sending to the jury of a paper received in evidence, and accidentally omitted to be given them, is and must be within the discretion of the judge. To hold that the judge may call them in and give them further instructions, as is the common practice, and still that he cannot deliver to them the writ, or any other instrument of evidence omitted by accident, would be inconsistent and absurd. *Shepley* v. *White*, 6 N. H. Rep. 172.

If the party for whom the verdict is given deliver to the jury, after they have gone from the box, a letter or other writing not given in evidence, it would avoid the verdict. But they may come into court and have evidence of a thing whereof they are in doubt. 2 Tidd's Prac. 795; Com. Dig. Plead. s 44; 2 Roll. 676, l. 10.

If this is law, it is conclusive, for surely it cannot be held that the jury may hear verbal testimony, and not be permitted to take a paper already in evidence, and omitted to be taken by them by accident. 7 Johns. 32; *Blackley* v. *Whidden*, 14 N. H. Rep. 441.

GILCHRIST, C. J. The plaintiff had a mortgage upon Chase's personal property. The defendant aided Chase to secrete the property from the creditors of Chase, and the plaintiff thereby lost the benefit of his mortgage. He alleges, in his count, that the defendant knew of the mort-

---
---

gage, and did this to deprive him of the benefit of it. Whether he knew of it or not does not appear, but the court ruled that the jury must be satisfied that what the defendant did was done with a knowledge of the plaintiff's mortgage, and with a view to defraud him.

The first count is in trover. There is nothing to impugn the validity of the mortgage. The defendant interfered with the plaintiff's rights.

In the case of *Hyde* v. *Noble*, 13 N. H. Rep. 494, the action was trover, and the plaintiff was a part owner of the property. *Parker*, C. J., says: " The purchase, by the defendant's taking possession, as they appear to have done, and holding it as their own property, was a conversion. They received the possession from one who had no authority to deliver it to them, and they, by the purchase, undertook to control it as their own property. This was an assumption of power over it, inconsistent with the rights of the plaintiff. Their possession was unlawful in its inception, by reason of the want of authority in Keniston to make the transfer."

This case seems to cover all the ground. But even supposing that the defendant did not know of the mortgage, that is no answer. *Sargent* v. *Gile*, 8 N. H. Rep. 325, decides that where the defendant bought the goods of the vendor, supposing them to be his, he was, nevertheless, liable in trover. In *Williams* v. *Merle*, 11 Wend. 380, cited in that opinion, where the vendor had no authority to sell, the defendant was held liable in trover, although he purchased in good faith and for a valuable consideration.

So in *Stevens* v. *Eames*, 2 Foster's Rep. 568, the mortgage, by a receipter, of goods attached, is a conversion.

In *Sinclair* v. *Tarbox*, 2 N. H. Rep. 135, trover was held to lie, although the defendant was ignorant, at the time of the removal of the property, of the plaintiff's interest in it. This decision has never been departed from. The defendant fraudulently received the property, and subjected him-

Flanders *v.* Colby.

self to a penalty. Rev. Stat. ch. 438, § 20. Shall he be heard to say that he did not know of the mortgage, for the purpose of shielding himself from a civil suit?

As to the second count, all that relates to the knowledge, by the defendant, of the mortgage, and his intent to injure the plaintiff, may be struck out, and still a cause of action remain. In *Adams* v. *Paige*, 7 Pick. 550, it is said by the court: " We see no necessity for proving, nor do we impute to the defendants any wicked or corrupt design to cheat or defraud the plaintiffs. It is enough that they associated together, and aided each other to do an unlawful act, prejudicial to the plaintiffs. So that in regard to the law of debtor and creditor, it is fradulent. The expletives, in the declaration, may all be struck out and yet the action remain, for the facts stated and proved sustain it."

But supposing nothing to be struck out, still the plaintiff was a creditor, and this was done to defraud creditors. Why is not this sufficient? But whether the instruction of the court, on this point, was correct, it is not necessary to determine.

The judge must make such suggestions upon the evidence as he deems most proper. This is a matter which cannot be limited.

The admission of the letter was also in the discretion of the court, and is justified by the cases cited. *Blackley* v. *Sheldon*, 7 Johns. 32; *Sanford Manufacturing Co.* v. *Wiggin*, 14 N. H. Rep. 441.

*Verdict set aside.*