Aug. 11, 1876. }                    KING v. BATES.

*Bailment— Conditional vendee—Rebutting evidence—Trial.*

The order of proceeding at trial is within the discretion of the court, to the exercise of which no exception lies.

The parties after having rested their case will not ordinarily be permitted to put in any evidence except such as may be strictly rebutting.

A conditional vendee of property holds it as bailee of the vendor.

Where a conditional vendee of personal property, having it in his possession, sold it unconditionally before the time limited in the contract of purchase—*Held*, that this terminated the bailment, and the vendor might reclaim the property at any time after such sale and delivery.

FROM CHESHIRE CIRCUIT COURT.

REPLEVIN, for three horses. The plaintiff claimed title by a purchase of the property from one Welcome C. Bates, made about June 10, 1873. The defendants pleaded and claimed title in the defendant, Simpson E. Bates, as a conditional vendor to the said Welcome C. Bates, prior to the plaintiff's purchase, and introduced as evidence of such conditional sale the following paper:

" $1,250.                                   BARRE, March 3, 1873.

Received of Simpson E. Bates, four horses and four harnesses, and one team wagon, for which I promise to pay him, or his order, the sum of twelve hundred and fifty dollars, six months from date, on demand, with interest at $7\frac{3}{10}$ per cent. The above described property to be and remain the full property of the above said Bates until fully paid for.                                   WELCOME C. BATES."

On said note were the following endorsements: " Mar. 3d, 1873, received four hundred dollars on the within note ($400) ; Apr. 7th, 1873, received on within note the sum of two hundred dollars ($200)."

After the defendants had rested their case, the plaintiff introduced evidence tending to show that said Simpson E. Bates had been fully paid for said property, prior to its purchase by the plaintiff from Welcome C. Bates, and that he had made admissions to that effect to several individuals. The defendants then called a witness, by whom they proposed to show that since the execution of said paper it has

always remained in the possession of said Simpson E. Bates as his own property. The plaintiff's counsel objected that this was not in rebuttal of the plaintiff's case. The court sustained the objection and excluded the evidence, and the defendants excepted.

The defendants requested the court to instruct the jury, that by the true construction of the contract the defendant Bates could not interfere with the plaintiff's possession of the property till the expiration of six months after March 3, 1873. The court refused so to charge, but did instruct the jury that whatever might have been the rights of Welcome C. Bates as to possession of the property against Simpson E. Bates, this plaintiff, by his purchase from W. C. B., obtained no such rights of possession as to prevent the defendant, S. E. B., from demanding and regaining the possession from him before the expiration of said six months.

The defendants excepted to the refusal and the charge. Verdict for the plaintiff, which the defendants moved to set aside.

Questions transferred by LADD, J.

*Wheeler & Faulkner*, for the plaintiff.

*Lane*, for the defendants.

\* STANLEY, J., C. C. The ruling of the court, excluding the evidence offered by the defendants in regard to the possession of the paper containing evidence of the conditional sale by the defendant Bates as his own property, was correct. By the fiftieth rule of court, it is provided " That in all trials, whether by the jury or the court, the plaintiff shall put in his whole case before resting, and shall not thereafter, except by permission of the court, upon good cause shown, be permitted to put in any evidence except such as may be strictly rebutting ; and the defendant shall, before resting, put in his whole defence, and shall not thereafter be permitted to put in any evidence, except such as may be in reply to the rebutting evidence put in by the plaintiff."

It must be inferred from the case that the plaintiff introduced evidence tending to show that he had purchased the property in question of Welcome C. Bates, and that said Welcome was the owner or in possession of the same, and had the right to sell the same to the plaintiff. This made the plaintiff's case.

In answer to the case thus made, the defendants introduced evidence to sustain their plea, to wit, that the defendant, Simpson E. Bates, sold the property to Welcome, upon conditions which had not been performed ; and he then rested his case.

It then became necessary for the plaintiff to rebut this evidence, and he attempted to do so by showing that Simpson E. Bates, one of the defendants, had been fully paid for said property, and that so the condition upon which the sale was made had been performed.

---

\* LADD J., having presided at the trial, did not sit.

After this had been done the defendants proposed to show that said Simpson had always had the paper in question in his possession. This evidence was substantive in support of the defendant's allegation that he owned the property, or was a conditional vendor of it. It tended to establish the material point in the defence, namely, that the condition had not been performed. The issue raised by the defendants made it incumbent on them to establish two positions : (1) that the sale to W. C. Bates was upon condition, and (2) that the condition was not performed. Upon the second point, the fact that the defendant S. E. Bates had always had the paper in question in his possession, was evidence tending to show that the contract had not been performed by W. C. Bates.

At the stage of the trial then reached, no evidence was competent under the rule of court except such as tended to contradict or explain the evidence offered by the plaintiff in rebuttal, to wit, that W. C. Bates had performed the conditions of the contract. *Briggs* v. *Humphrey,* 5 Allen 314 ; *Holbrook* v. *McBride,* 4 Gray 215 ; *York* v. *Pease,* 2 Gray 282.

To hold this evidence competent at the time it was offered would entirely abrogate the rule, for there is but little evidence, which in its nature is cumulative, that may not also be rebutting.

But there is another view upon which the ruling of the court must be sustained. The conduct of the trial, the order of proceeding, is within the discretion of the presiding justice, to the exercise of which no exception can be taken. The orderly course of proceeding requires that the party whose business it is to go forward should bring out the strength of his proof in the first instance ; but it is competent for the judge, according to the nature of the case, to allow a party who has closed his case to introduce further evidence. This depends upon the circumstances of each particular case, and falls within the absolute discretion of the judge, to be exercised or not as he may think proper ; and no exception lies to the exercise of that discretion, unless the question of discretion is specially reserved. *Cushing* v. *Billings,* 2 Cush. 158 ; 1 Gr. Ev., secs. 74, 431 ; *Sanford Co.* v. *Wiggin,* 14 N. H. 441, 451 ; *Watson* v. *Walker,* 33 N. H. 132 ; *Petition of Groton,* 43 N. H. 91 ; *Kent* v. *Tyson,* 20 N. H. 121 ; *Bank* v. *Clough,* 39 N. H. 212 ; *Riddle* v. *Gage,* 37 N. H. 520.

The next exception arises upon the refusal of the court to instruct the jury that by the true construction of the contract the defendant Bates could not interfere with the plaintiff's possession of the property till the expiration of six months after March 3, 1873, and upon the instruction that whatever might have been the rights of W. C. Bates as to possession against S. E. Bates, this plaintiff, by his purchase from W. C. Bates, obtained no such rights of possession as to prevent the defendant S. E. Bates from demanding and regaining the possession from him before the expiration of said six months. What the rights of S. E. Bates were, as against W. C. Bates, is of no consequence in this case. The issue here was, What were the respective rights of the

plaintiff and the defendants in the property in controversy? Whether the defendant was, as against his conditional vendor, entitled to the possession of the property in question, is wholly immaterial. The material question is, What was the effect of the sale by W. C. Bates to the plaintiff upon the rights of the defendant S. E. Bates? what were W. C. Bates's rights in the property before the sale? Manifestly he was bailee, with the right to become the absolute owner upon complying with certain conditions. Until those conditions were complied with he had no other rights except as bailee. As bailee he had no right to sell or dispose of the property. He held it for S. E. Bates, according to his contract with him. When, however, he sold the property unconditionally to the plaintiff, his bailment ceased. He had violated his part of the contract, and the defendant then had the right to demand and take possession of the property wherever he could find it. The bailment was terminated when W. C. Bates parted with his rights in the property, and the defendant S. E. Bates had then the right to treat the contract as rescinded, and regain the property at any time. *Sanborn* v. *Coleman*, 6 N. H. 14; *Sargent* v. *Gile*, 8 N. H. 325; *Luey* v. *Bundy*, 9 N. H. 298; *Bailey* v. *Colby*, 34 N. H. 239.

The exceptions must be overruled, and there must be judgment on the verdict.

CUSHING, C. J., concurred.

SMITH, J. 1. The evidence rejected did not tend to rebut the evidence introduced by the plaintiff in reply to the defendants' evidence, and was therefore properly rejected.

2. The verdict of the jury probably settles that the defendant S. E. Bates had received payment for the horses before the conditional vendee, W. C. Bates, sold them to King. When the terms of the sale had been complied with, W. C. Bates became the absolute owner of the horses, and of course could make a valid sale of them to the plaintiff. In this view of the case, the instructions requested and those given were wholly immaterial, and could not in any way have misled the jury.

But if the jury found otherwise, the bearing which the ruling had upon the case was very remote. The plaintiff's evidence tended to prove that the defendant S. E. Bates knew of the sale and transfer of possession of the property by W. C. Bates to King, and did not object or in any way assert his title till October 10, 1873, when he took forcible possession of the property. The plaintiff thereupon brought this suit, and replevied the horses. The plaintiff contended from this that the claim by S. E. Bates that he had not been paid for the property was mere pretence; that if he had not been paid he would not have stood by and allowed King to take and use the horses as his own, knowing all about the trade between W. C. Bates and King. To meet this position of the plaintiff, the defendants contended that by the terms of the conditional sale S. E. Bates had no right to interfere or reclaim

the possession of the horses until the expiration of the six months named in the note.

From this it appears that the only question of law raised was, whether the plaintiff, by his purchase from W. C. Bates, obtained any right of possession which would prevent S. E. Bates from demanding and regaining the possession of the property before the expiration of the six months. The bearing is upon the conduct of S. E. Bates in doing nothing to regain the possession of the horses from the plaintiff, from June 10 to October 10, 1872.

It is well settled that a sale by a conditional vendee terminates the bailment, and the conditional vendor may resume immediate possession of the property. *Farrant* v. *Thompson*, 2 Dow. & Ry. 1 ; *Sanborn* v. *Coleman*, 6 N. H. 14; *Sargent* v. *Gile*, 8 N. H. 325. The refusal to instruct, and the instructions given, were therefore correct.

*Exceptions overruled.*